**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| **FRANCIS G. BYRNE,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.** |
| | ) | **26-13331-BEM** |
| **COMMONWEALTH OF** | ) | |
| **MASSACHUSETTS,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

## <u>ORDER</u>

**MURPHY, J.**

Francis G. Byrne, confined to the Plymouth County Correctional Facility and proceeding *pro se*, has filed a handwritten petition for habeas corpus.[1] Dkt. 1. With the petition, Byrne filed a handwritten motion for injunctive relief. Dkt. 2. In both pleadings, Byrne references three state criminal case numbers.

In the petition, Byrne alleges, among other things, that the Commonwealth abridged his "Constitutional rights, i.e. like Mass. Gen. Laws ch. 276, § 58A thus violating the 8th Amendment." Dkt. 1 at 1. Byrne suggests that pursuant to § 58A, he was "sentenced to 4 months with NO TRIAL or witness." *Id.* In his motion, Byrne seeks immediate release and contends that "[t]he lower court in Plymouth County is deliberately indifferent to the law ignoring all constitutional rights [and] prosecuting [Byrne] without warrants, evidence and complainants." Dkt. 2. Byrne states that "the lower court was told NO PROSECUTION by ADA Samantha Bosco." *Id.* at 1.

---

[1] Byrne did not pay the filing fee nor file a motion for leave to proceed *in forma pauperis*. The fee for filing a habeas petition is $5.00. *See* 28 U.S.C. § 1914(a).

The habeas petition has not been served pending the Court's preliminary review of the document.[2]  If it appears from the application that petitioner is not entitled to relief, the district court is not required to serve the petition on respondent.  *See* 28 U.S.C. § 2243.

Here, the Court will deny the habeas petition because Byrne has not set forth a basis for this court to exercise habeas jurisdiction.  Habeas corpus review is available under § 2241 if a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  Although the habeas petition references several amendments to the United States Constitution, the petition fails to identify any facts to suggest a constitutional violation.

Additionally, "[e]xcept in the most extraordinary cases, a federal court must presume that state courts, consistent with the imperatives of the Supremacy Clause, *see* U.S. Const. art. VI, are fully competent to adjudicate federal constitutional and statutory claims properly presented by the parties." *Casa Marie, Inc. v. Super. Ct.*, 988 F.2d 252, 262 (1st Cir. 1993) (footnote omitted). Under *Younger* abstention, *see Younger v. Harris*, 401 U.S. 37 (1971), "a federal court must abstain from hearing a case if doing so would 'needlessly inject' the federal court into ongoing state proceedings." *Coggeshall v. Mass. Bd. of Registration of Psychs.*, 604 F.3d 658, 664 (1st Cir. 2010) (quoting *Brooks v. N.H. Supreme Ct.*, 80 F.3d 633, 637 (1st Cir. 1996)).  To the extent Byrne's criminal proceedings are pending, there is no reason for this federal court to "needlessly inject" itself in a pending state criminal proceeding.

As best can be gleaned from the pleadings, it appears that Byrne may be held in custody pursuant to Mass. Gen. Laws ch. 276, § 58A, which permits the Commonwealth to "seek pretrial detention of a criminal defendant charged with certain predicate crimes where the defendant poses a danger to the safety of any other person or the community." *Agostini v. Commonwealth*, 497

---

[2] Rule 4 may be applied at the discretion of the district court to other habeas petitions. *See* Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts.

Mass. 242, 242, (Mass. 2026).   Mass Gen. Laws ch. 276, § 58A, provides a mechanism for Byrne

to file a petition with the superior court.  Section 58A(7) provides, "[a] person aggrieved by the

denial of a district court justice to admit him to bail on his personal recognizance with or without

surety may petition the superior court for a review of the order of the recognizance and the justice

of the district court shall thereupon immediately notify such person of his right to file a petition

for review in the superior court."  Mass. Gen .Laws. ch. 276, § 58A(7).

Accordingly, the petition for habeas corpus, Dkt. 1, is DENIED, the motion for injunctive

relief, Dkt. 2, is DENIED, and this action is DISMISSED.

**So Ordered.**

/s/ Brian E. Murphy

Brian E. Murphy

Dated: July 22, 2026                           Judge, United States District Court

3